■ In the Matter of JAMES WILLIAM H. (ANONYMOUS) and WILLIAM HOWARD H. (ANONYMOUS), Appellants.— Appeals from two orders of the Family Court, Suffolk County, both dated August 20, 1968, which respectively adjudged appellants to be juvenile delinquents. Orders reversed, on the law and the facts, and petitions dismissed. In our opinion, there was no evidence of actual damage to petitioner's driveway within the meaning of section 145.00 of the Penal Law (cf. People v. Washington, 18 N Y 2d 366, 369; People v. Hackley, 20 A D 2d 534, 535). Christ, Hopkins and Martuscello, JJ., concur; Beldock, P. J., and Brennan, J., dissent and vote to affirm the orders, with the following memorandum: In our opinion, the acts which appellants were found to have committed were such as, if committed by an adult, would have constituted the crime of criminal mischief in the third degree within the purview of subdivision 1 of section 145.00 of the Penal Law. The facts and circumstances adduced reflect a course of conduct on the part of appellants which goes beyond the pale of indulgence in mischievous pranks and renders the chalking of the obscenities on petitioner's driveway an intentional infliction of damage to property without honest claim of privilege, well within the traditional concept of malicious mischief with which subdivision 1 of section

145.00 of the Penal Law is concerned (see Practice Commentary, by Denzer and McQuillan, McKinney's Cons. Laws of N. Y., Book 39 [1st vol.], Penal Law, p. 378). We construe the statute as proscribing the intentional defacing of property such as occurred at bar; and the extent of the damage is immaterial. The fact that the chalking was removed by petitioner's husband after applying his energies in that direction does not render appellants' acts any the less violative of the statute. Accordingly, we are of the opinion that appellants were properly adjudicated juvenile delinquents.